**STRANAHAN GEAR COMPANY, INC., Plaintiff,**

v.

**NL INDUSTRIES, INC., Defendant and Third-Party Plaintiff,**

v.

**BLUE STREAK INDUSTRIES, INC., Third-Party Defendant.**

**Civ. A. No. 83–3259.**

United States District Court, E.D. Pennsylvania.

June 19, 1984.

Joseph J. Serritella and J. Kurt Straub, Philadelphia, Pa., for NL Industries, Inc.

Thomas P. Monteverde and Michael E. Scullin, Philadelphia, Pa., for Blue Streak Industries.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On October 28, 1983, NL Industries, Inc. (NL Industries), a New Jersey corporation with its principal place of business in New York, filed a praecipe for the entry of a default judgment against Blue Streak Industries, Inc. (Blue Streak), a Louisiana corporation with its principal place of business in Louisiana. The praecipe stated that Blue Streak had failed to file an answer to NL Industries' complaint. A default judgment in the amount of $380,925 was entered by the Clerk against Blue Streak on November 1, 1983. On November 23, 1983, Blue Streak filed a motion to strike or open the default and judgment on the ground that Blue Streak had not been served. For the reasons set out below, the motion to strike the judgment will be granted pursuant to Fed.R.Civ.P. 60(b)(4), and the judgment will be stricken as void.

NL Industries attempted to serve Blue Streak by first-class mail pursuant to Fed. R.Civ.P. 4(c)(2)(C)(ii), as amended effective February 26, 1983, which provides for service as follows:

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage pre-paid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Pursuant to this subsection, service may be made by mailing a copy of the summons and the complaint together with two copies of notice and acknowledgment (form 18–A) to the person to be served. If the acknowledgment form is returned to the sender within 20 days, service is complete. However, if no acknowledgment of service (from 18–A) is received by the sender within 20 days, service of the summons and complaint must be made as otherwise provided in Fed.R.Civ.P. 4.

■ The record in this case does not contain an acknowledgment (form 18–A) signed by Blue Streak. The parties agree that the acknowledgment (form 18–A) was never signed and returned. As a result, valid service was never made on Blue Streak. As stated by Professor David D. Siegel in his commentary to Rule 4 set forth in 28 U.S.C.A. (Supp.1983) at 35: "The defendant can frustrate the whole process just by refusing to acknowledge receipt, thereby putting the plaintiff to the burden of effecting service by some other method." Similarly, the report on H.R. 7154 (amending Rule 4) by Representative Edwards, on behalf of the House Judiciary Committee, states:

H.R. 7154 provides for a system of service by mail similar to the system now used in California. See Cal.Civ.Pro. § 415.30 (West 1973). Service would be by ordinary mail with a notice and acknowledgment of receipt form enclosed. If the defendant returns the acknowledg-

ment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules.

This system of mail service avoids the notice problems created by the registered and certified mail procedures proposed by the Supreme Court. If the proper person receives the notice and returns the acknowledgment, service is complete. If the proper person does not receive the mailed form, or if the proper person receives the notice but fails to return the acknowledgment form, another method of service authorized by law is required. In either instance, however, the defendant will receive actual notice of the claim. In order to encourage defendants to return the acknowledgment form, the court can order a defendant who does not return it to pay the costs of service unless the defendant can show good cause for the failure to return it.

96 F.R.D. 117, 119 (1983) (footnote omitted). Since valid service was never made on Blue Streak, the default judgment entered against it must be stricken. *Varnes v. Local 91, Glass Bottle Blowers*, 674 F.2d 1365, 1369, 1370 (11th Cir.1982); *Federal Deposit Insurance Corp. v. Sims*, 100 F.R.D. 792, 797 (N.D.Ala.1984).

Although as pointed out above a defendant can frustrate the use of the inexpensive method of service provided in the recent amendments to Rule 4 by refusing to return the acknowledgment form, Rule 4(c)(2)(D) provides that unless good cause is shown for not doing so the Court shall order the costs of personal service by the person served in situations where the acknowledgment form (18–A), though properly received, is not signed and returned. Rule 4(c)(2)(D) constitutes the "only means of enforcing this inexpensive method of service." *Eden Foods, Inc. v. Eden's Own Products, Inc.*, 101 F.R.D. 96 (E.D.Mich. 1984). An order follows.