In the Matter of Neville J.
REEHLMAN, M.D.,
Appellant.

No. 84–3670
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 4, 1985.

Wiedemann & Fransen, Lawrence D. Wiedemann, W. Lloyd Bowers, New Orleans, La., for appellant.

William F. Baity, Asst. U.S. Atty., New Orleans, La., for appellant.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of criminal contempt.

After a hearing at which he and his office manager testified, appellant Reehlman, an orthopedic surgeon, was adjudged in contempt for disobeying a subpoena directing his appearance at the trial of a personal injury case brought by one of his patients, a Mr. Hesler. Before us, he advances two issues for reversal: that the evidence, properly viewed, revealed a mere failure of communication, not a contempt; and that the fines imposed, aggregating almost fifteen thousand dollars, were excessive. We affirm.

The record indicates that Dr. Reehlman's practice brought him to court frequently to testify on behalf of his patients, often under subpoena. On the day of a previous setting of Mr. Hesler's case, he had been under four subpoenas, had cancelled the day's appointments, and had spent the day cooling his heels when all of these matters were cancelled, settled or continued.

Mr. Hesler's case was reset for trial on August 20, his attorney notifying Dr. Reehlman by letter of April 10. To this, Dr. Reehlman responded that it was too early to fix his schedule. Counsel wrote again on July 13, reminding Dr. Reehlman of the August 20 setting and advising him that he would be subpoenaed. To this, he did not reply. On August 8, he was served. A week later, on the Thursday before trial, Dr. Reehlman suddenly decided to take a Spanish vacation, leaving the next day without attempting to be excused from the subpoena. On Monday, after the jury was

empanelled, it was discovered that Dr. Reehlman was gone. At the show cause hearing, he testified that because no one had called to schedule his testimony and because a call to counsel's office on Friday had not been returned, he assumed that the case had been settled or continued. The court held him in criminal contempt, fining him various sums designed to compensate Hesler, various counsel and the clerk for their lost time and expense and directing that he pay these amounts to them.

Appellant's first point comes to no more than a claim that the court was required to accept his explanation of how he came to disobey its lawful process in breach of 18 U.S.C. § 401(3). Criminal contempt is a crime. *United States v. Williams*, 622 F.2d 830 (5th Cir.1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). As such, the requisite standard of proof is "beyond a reasonable doubt." Certainly, on the evidence that we have sketched above, the court could have concluded with that degree of certainty that Dr. Reehlman decided simply to flout the court's order by departing on a spur-of-the-moment foreign trip at a time when he knew he was under subpoena without determining that he had been released.

As for the claim that the aggregate fine imposed was excessive, we commence with the assumption that the proceeding was a criminal one, despite the secondary, remedial purpose of the order. *Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1174 n. 4 (5th Cir.1982). Neither this circuit nor the Supreme Court has adopted any bright-line rule limiting fines in criminal contempt proceedings. *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975) ($10,000 fine against union did not require jury trial). The fines imposed here were substantial, but so was the expense and inconvenience to which he deliberately put the parties for whose benefit, in part, the fines were levied. It is apparent from the record that the amounts fixed by the court represented its conscientious effort to make whole those whom Dr. Reehlman's willful act had injured. It will be an un-

usual case in which fines fixed in such a manner will be found excessive.

AFFIRMED.