**DELTA STEAMSHIPS LINES, INC., Plaintiff-Appellant,**

v.

**Thomas J. ALBANO and David Lytle, d/b/a Container Repair Services, Defendants-Appellees.**

No. 85–2188

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1985.

Robert Eikel, Houston, Tex., for plaintiff-appellant.

John Lee Arellano, Houston, Tex., for defendants-appellees.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

This tortious breach of contract suit of Delta Steamship Lines, Inc. was dismissed because of insufficient service of process upon Thomas J. Albano. Delta appeals, contending that the method of service it employed was the effective equivalent of the service-by-mail detailed in Fed.R.Civ.P. 4(c)(2)(C)(ii). Concluding that the service effected did not comply with Rule 4, we affirm.

On July 9, 1984, Delta filed suit against Albano and David Lytle, doing business as Container Repair Services, and sent each a copy of the complaint and citation via certified mail, restricted delivery, return receipt requested. Copies of the return receipts, purportedly bearing the signatures of Albano and Lytle, were attached to an affidavit attesting to the mailing by an agent of Delta's attorney. On July 25, 1984, Albano moved to dismiss the complaint under Fed. R.Civ.P. 12 for, *inter alia,* insufficiency of process and service of process. Delta responded to Albano's motion to dismiss but did not address the service of process issue and took no steps to effect further service. The district court found that Delta "failed to serve process in compliance with any of the options available to him under FED.R. CIV.P. 4." The complaint against Albano was dismissed without prejudice.

### Analysis

Section C of Rule 4(c)(2) of the Federal Rules of Civil Procedure made available to Delta a "state" and a "federal" method of service of process. The Rule provides:

A summons and complaint may be served upon a defendant . . .

(i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of

service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) [detailing the manner of personal, domiciliary, and agency service of process].

Delta opted to send the complaint and summons by certified mail, with delivery to addressee only, ostensibly in conformity with Texas law. If this were so, the service of process would conform to Rule 4(c)(2)(C)(i) and would be valid.

■ Under Texas law, service of process may be made "by registered or certified mail, with delivery restricted to addressee only, return receipt requested," Tex.R. Civ.P. 106, which further directs that "[u]nless the citation or an order of the court otherwise directs, the citation shall be served by [an] officer authorized by Rule 103." The three officers Texas law empowers to serve process are the sheriff, constable, and clerk of court. Tex.R.Civ.P. 103. *See generally London v. Chandler,* 406 S.W.2d 203 (Tex.1966), *writ ref'd n.r.e.; Snell v. Knowles,* 87 S.W.2d 871 (Tex.Civ. App.1935). No authorized officer was involved in Delta's attempt to make service by mail.

It is obvious that the state service mechanism was not employed. The district court so found and we agree. Delta perforce concedes the point and argues that the certified mailing constituted the effective equivalent of federal service under Rule 4(c)(2)(C)(ii). We are not persuaded.

The provisions of Rule 4(c)(2)(C)(ii), the apparent product of careful drafting, are detailed and specific. The legislative history of the 1983 amendments to Rule 4, which include the language at issue, suggests that this precise method of service by mail was designed not only to provide a means for establishing proof of service as required by Rule 4(g), but also to establish personal jurisdiction *ex proprio vigore* and in a manner consonant with the strictures of due process. We find in the legislative history the observation that when the exact

mailing requirements of subsection (C)(ii) are followed, both *in personam* jurisdiction and service of process will be established. *See* [1982] 4 U.S.Code Cong. & Ad.News 4440; *see also* 28 U.S.C.A. R. 4, Commentary C4-19, at 36 (Supp.1985) (noting that if defendant makes the return contemplated by (C)(ii), "the acknowledgment acts as the plaintiff's proof of service under Rule 4(g) and the case is underway"); *id.* at 35 (noting that defendant's return of the receipt is an acknowledgment sufficient to establish jurisdiction, obviating the need for an official process server).

■ We conclude that Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving *in personam* jurisdiction as well as service of process and that the defendant's return and acknowledgment are an essential part of that procedure. It necessarily follows that the requirements of Rule 4(c)(2)(C)(ii) must be fully satisfied if the benefits of the Rule are claimed. Consistent therewith, a more general state mail-service procedure may not be considered the effective equivalent of this subsection. Only careful compliance with 4(c)(2)(C)(ii) will suffice.

The service of process attempted by Delta accords with neither state nor federal service requirements. The service on Albano was insufficient. The dismissal without prejudice is AFFIRMED.