**GAS RECLAMATION, INC., Plaintiff,**

v.

**Ray JONES, et al., Defendants.**

**Civ. A. No. H–85–666.**

United States District Court,
S.D. Texas,
Houston Division.

Nov. 26, 1985.

Benjamin H. Hathaway, Hathaway & Davis, Austin, Tex., for plaintiff.

John R. Knight, Morris & Campbell, Houston, Tex., for Robert A. Spira and Haas Securities Corp.

William B. Chaney, Shank, Irwin & Conant, Dallas, Tex., for Northwestern Nat. Ins. Co.

## ORDER

KAREN K. BROWN, United States Magistrate.

ON THIS DATE CAME ON TO BE CONSIDERED the motions by defendants Robert A. Spira, Haas Securities, and Northwestern National Insurance Company to sanction Gas Reclamation, Inc. and attorney Howard Butler pursuant to Fed.R. Civ.P. 11. A hearing was conducted on November 6, 1985, at which time counsel for all four parties appeared and were heard with respect to these pending motions. Counsel appeared on behalf of attorney Butler as well. After due consideration, this Court has concluded that these motions should be GRANTED for the following reasons:

## FINDINGS OF FACT

1) The tale of chronological events in this case is a tortured one but must be repeated in order that the background of these motions be clear. Plaintiff, represented by Howard B. Butler, Jr., filed this lawsuit on February 12, 1985, originally against three defendants: Ray Jones, George R. Gaenslen, and George N. Garrett, former officers of the plaintiff. Those defendants were never served. Thereafter, on March 18, 1985, plaintiff filed its First Amended Complaint against the same three defendants. Again these defendants were not served. Again on June 10, 1985, plaintiff filed its "Second Original Amended Complaint and Application For Equitable Relief". This time it included the first three named defendants as well as Robert A. Spira, Haas Securities Corporation, Northwestern National Insurance Company, and one F. Paul Pedersen.[1] Prior to filing its Second Amended Complaint, plaintiff did not obtain leave of court to file a proposed second amended complaint as required by Fed.R.Civ.P. 15(a). Thereafter, it is undisputed that plaintiff caused to be delivered on or about June 18, 1985, one copy of the Second Amended Complaint to Haas' offices in New York City by way of the U.S. Mail. No copy of the summons or the other requisite documents were included with this complaint. Fed.R.Civ.P. 4(c)(2)(C)(ii); (R.8, Exhibit B, Affidavit of Robert A. Spira).

2) Thereafter, as part of a deposition taken of Mr. Butler in the bankruptcy case, Mr. Butler stated under oath that the case at bar was going to be dismissed. He recognized on the record that the defendants had not been served and indicated that the decision had been made thereafter to possibly drop the case. (R.7, Exhibit 6, Excerpt from the Deposition of Howard B. Butler, Jr.) In that same deposition, the following dialogue took place:

Q. All right. Well, what I would like you to do Mr. Butler, if you don't mind, let me know whenever a decision with regard to dismissal of that case is made so that I can advise clients of mine as to the necessity for responding or not.

A. I would be glad to.

3) In a subsequent conversation between counsel for Haas and Spira and Mr. Butler, Butler was advised that: 1) No valid service of process had been affected on Spira and Haas, and (2) No proper amended petition had been filed because no leave of court had been granted. Butler again agreed in that conversation that service of process had not been accomplished as to Spira and Haas and again stated his intention to dismiss the lawsuit. This conversation was confirmed by letter from counsel for Haas and Spira to Howard B. Butler, dated July 5, 1985. (R.7, Exhibit 7, letter from John R. Knight to Howard B. Butler, Jr.)

4) On July 22, 1985, Butler sent copies to the defendants of a "Motion for Leave to File Plaintiff's Second Amended Com-

---

1. This Court would note that defendants urge that they were brought into this lawsuit when they moved to proceed against plaintiff in a bankruptcy proceeding in order to have a trustee appointed to oversee the assets of plaintiff. See 51 B.R. 860.

plaint", proposed order and a cover letter to the Clerk of the Court. (R.7, Exhibit 8) The Court's docket sheet does not show that this motion was ever filed.

5) Subsequently, on July 26, 1985, Butler filed Plaintiff's Motion for Entry of Default Judgment against only defendants Northwestern, Haas, and Spira. This motion bears no certificate of service as required by the Local Rules of the Southern District of Texas. Butler admitted in open court that he did not serve the defendants against whom he was moving.[2]

On the same day, July 26, 1985, Butler wrote to counsel for Haas and Spira reciting that "unbeknownst to [him], service of process was affected on Bob Spira and Haas Securities Corp. on July 18, 1985 via U.S. Mail return receipt requested." (R.7, Exhibit 9) In that letter, Butler recited that plaintiff had insisted that Butler pursue this litigation "with all due haste." Butler did not tell counsel for the defendants that he had filed a motion for entry of default judgment the same day.

6) Butler is listed as the secretary of the plaintiff corporation, according to Judge Houston's opinion, attached as Appendix A. Moreover, Butler has never attempted to distinguish his actions from those of his client. Consequently, this Court concludes that Butler had at least advance notice of the plaintiff's change of direction if not actual participation in that decision himself. This Court finds that Butler is so closely linked to plaintiff that he is as accountable as his client for plaintiff's actions.

7) Thereafter, in an exercise of caution, counsel for defendants Haas and Spira sent a paralegal clerk to check the Court's file and found plaintiff's Motion for Default Judgment. Defendants' counsel immedi-

ately called Mr. Butler and explained to him that there was no basis for the default judgment motion against either Spira or Haas. Nevertheless, Butler refused to withdraw this motion. Thereafter, counsel for defendants Spira and Haas drafted and filed: (1) a memorandum in opposition to plaintiff's Motion for Entry of Default Judgment; (2) a conditional Motion For Extension of Time within which to respond; and (3) a Motion to Dismiss the Action, or in the alternative, to dismiss plaintiff's Second Amended Complaint.

Counsel for defendant Northwestern filed a motion to dismiss and its opposition to plaintiff's motion for entry of default judgment, including its brief in support thereof.

8) Subsequently, plaintiff filed a motion opposing the motion of defendants Spira and Haas to dismiss. (R.13) In this motion, however, Butler makes no additional attempt to contend that the new defendants were ever properly served.

9) Thereafter, the Court set a scheduling conference for September 16, 1985. At that time, plaintiff voluntarily agreed to dismiss the three new defendants outright. This oral Motion to Dismiss was granted by the Court the same day and a hearing on attorneys fees was set for October 7, 1985. The defendants were ordered to file supplemental requests in support of attorneys fees within ten days. The day of the scheduled hearing on the attorneys fees, plaintiff filed a Motion for Continuance which was granted by the Court. The plaintiff was ordered to respond to the defendants' motions by October 21.

10) A hearing was held before the U.S. Magistrate on the defendants' Motion for Sanctions on November 6, 1985. At that hearing, counsel for Butler defended his

---

**2.** Plaintiff's motion is not directed at the original three defendants in the case. Attached to the motion is an affidavit in support of a default judgment. (R.4) This affidavit recites that "On June 18, 1985, service of process was effected, by certified mail return receipt requested (a copy of said receipts are attached hereto as Exhibit A) in this cause on defendants Robert Spira, Haas Securities Corporation and North-

western National Insurance Company. To affiant's knowledge, these defendants have failed to plead or otherwise defend themselves in this action as provided by the Federal Rules of Civil Procedure. The motion for default judgment sought from defendants a sum of $20,000,000.00 with interest thereon." The affidavit is signed by Butler.

client's actions on the grounds that, even if the plaintiff had no leave of court to file a second amended petition and even if plaintiff had no basis for properly filing a motion for entry of default judgment because it was on notice that the defendants had not been properly served, Mr. Butler made no effort to "push" this motion for entry of default judgment because no submission date was sought.[3]

At this hearing, Mr. Butler did not deny that any of the communications from defendants' lawyers had occurred nor did he deny that he represented to them that he intended to dismiss the suit. When asked by the Court why he failed to serve the other parties with a copy of the Motion for Entry of Default Judgment, Mr. Butler said that a "clerk" of the District Court had told him that this would be unnecessary. Mr. Butler was unable to describe this "clerk" in any way other than to say that he was "male". Mr. Butler explained to the Court that this was the first time in his thirteen years of practice that a clerk had ever told him not to serve the other side when he was filing a motion for entry of default judgment. Nevertheless, with respect to this one instance, Butler testified that he followed that unknown "clerk's" advice and did not serve the other parties.

■ 11) The attorney for defendants Haas and Spira attempted repeatedly to avoid incurring attorneys fees for his clients by calling and writing to attorney Butler to inform him of the defects in his pleadings and service. Counsel for all three defendants were deliberately mislead by Butler's false statements that the case would be dismissed or he would inform them to the contrary.

Attorneys for Northwestern did not appear to have contacted Butler repeatedly but "tailored" their responses according to what Butler told counsel for co-defendants Haas and Spira.

The Court finds that counsel for all three defendants adequately attempted to avoid the need for incurring attorney fees.

■ 12) This Court is convinced that it should on its own motion activate its responsibilities under Fed.R.Civ.P. 11 to insure the integrity of the practice of law before this Court. This Court finds that Butler lied to the Court in at least two instances. First, he lied when he swore to the affidavit accompanying his motion for entry of default judgment stating that the defendants had been properly served. Second, he lied when he told the Court that he failed to serve the other parties with a motion for entry of default judgment based on a statement from an unknown clerk. It is apparent that Butler's intention was to attempt to obtain a default judgment without notice to the other side at any costs. Although no such judgment was ultimately entered, that was not due to any acts of Butler himself. While Butler contends that misleading statements came from an anonymous "clerk", in view of his continuing course of unconscionable conduct in this case, the Court doubts his veracity. In any case, it is incumbent on a practitioner of thirteen years experience to know the requirements of the Rules of Professional Responsibility and the Local Rules of the court before which he is practicing and to follow them. This Court finds Butler knew these rules because a certificate of service accompanies all other documents he filed in this case. Butler intentionally chose to disregard them and these actions constitute bad faith acts. *Roadway Express v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

13) Counsel for defendants Haas and Spira seeks compensation for 45 hours of legal services performed at his customary rate of $145.00 per hour, totaling $6,525.00, for the work completed prior to plaintiff's voluntary agreement to dismiss his client. He seeks expenses in the amount of $336.16 incurred in this same time frame. (R.18, Exhibit B–1)

**3.** All motions when filed are automatically calendared for submission date by local rule, Rule

14(B), Local Rules, United States District Court, Southern District of Texas.

Counsel seeks additional attorney fees of $870.00 for the time necessary to prepare for the October 7, 1985 hearing which was continued by the court at plaintiff's request. (R. 27) Counsel also notes that he spent two hours and 45 minutes in the hearing conducted before the undersigned on November 6, 1985 ($395.00). This is a total of $7,793.00.

Counsel for co-defendant Northwestern seek compensation for $5,338.75 for preparation of motions, including the Rule 11 motions, as well as $313.60 in expenses. Northwestern is represented by out-of-town counsel, who travelled from Dallas to Houston for each court setting, except the hearing on defendant's motion to dismiss in which they appeared by telephone. (R. 25)

Northwestern's counsel also seek additional attorneys fees and expenses for the October 7, 1985 and November 6, 1985 hearings in the amount of $1,147.50 attorney fees and $118.00 travel expenses. (10 hours × $90.00 for preparation for two attorneys) plus (2¾ hours for the November 6, 1985 hearing × $90.00 for two attorneys).

## CONCLUSIONS OF LAW

Rule 11 states in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other papers; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

1) The repeated telephone calls from defendants' attorney put Butler on notice that service was inadequate because of Butler's failure to mail a summons along with the complaint and other appropriate papers to the defendants. Fed.R.Civ.P. 4(c)(2)(C)(ii); *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir.1985); *Norlock v. City of Garland*, 768 F.2d 654 (5th Cir.1985); *Armco, Inc. v. Penrod-Stauffer Bldg. Systems*, 733 F.2d 1087, 1089 (4th Cir.1984); *Stranahan Gear Co., Inc. v. N L Industries*, 102 F.R.D. 250, 251 (E.D.Pa.1984); *Henry v. Glaize Maryland Orchards, Inc.*, 103 F.R.D. 589, 590 (D.Md. 1984). Butler does not pretend that his affidavit was "well-grounded in fact" or "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

2) With regard to the motions by the defendants for sanctions in the form of attorneys fees and expenses, it should be born in mind that:

The Rule provides for sanctions, not fee shifting. It is aimed at deterring and, if necessary, punishing improper conduct rather than merely compensating the prevailing party. The key to invoking Rule 11, therefore, is the nature of the conduct of counsel and the parties, not the outcome.

Schwarzer, "Sanctions Under the New Federal Rule 11—A Closer Look"—104 F.R.D. 181, 185 (1985).

3) The Court must avoid "post-hoc judgments" but plaintiff's voluntary agreement to dismiss the parties on September 16, 1985, cannot be ignored. Such a voluntary act after repeated requests to do so by counsel for the defendants shows that plaintiff's persistence in suing defendants and in filing its motion for entry of default judgment was done with an improper purpose.[4]

---

**4.** On September 3, 1985, plaintiff filed a similar lawsuit against defendants Northwestern, Haas and Spira in the 269th Judicial District Court of Harris County, Cause No. 85–12342.

Butler claims that he agreed to the dismissal of defendants in federal court on September 16, 1985 because he was pursuing the same claims against defendants simultaneously in state court and the state court refused to rule until the federal court acted. Such action compounds the egregious behavior alleged against plaintiff and attorney Butler. It is apparent that plaintiff is disrupting the calendar of two courts, imposing on two courts, placing burdens on defend-

While plaintiff does not challenge the hourly rate, the accuracy of the hours claimed or the amount of the expenses, plaintiff urges that the attorneys fees incurred by defendants were not reasonable and necessary because a motion filed by defendants under Fed.R.Civ.P. 12(b)(4) & (5) would have been sufficient.

As quoted recently with approval by the Fifth Circuit in *Schwarz v. Folloder,* 767 F.2d 125, 134 (1985), the Illinois Circuit Court in *Dayan v. McDonald's Corp.,* noted:

> It is unbecoming for the plaintiffs to hail the defendant into court by means of false allegations and then to complain when the defendant hires skillful, experienced and expensive advocates to defend against those allegations. Having wrongfully kicked the snow loose at the top, [the plaintiff] must bear the consequences of the avalanche at the bottom.

In the face of plaintiff's Motion for Default Judgment and the repeated duplicity of attorney Butler, this Court finds that the basic actions of counsel for defendants were reasonable and necessary. Consequently, this Court concludes that the total attorneys fees and expenses claimed should be awarded to counsel for the defendants, Robert A. Spira, and Haas Securities Corporation. It is appropriate to make whole the parties who were put to necessary expense and inconvenience by the deliberate acts of plaintiff and attorney Butler. *In Re Reehlman,* 763 F.2d 670 (5th Cir.1985). Although *Reehlman* is a contempt case, under these facts, the same guideline should be appropriate under Rule 11. It is hereby ORDERED that they are awarded sanctions against Gas Reclamation, Inc. and its attorney of record, Howard B. Butler, Jr., in the amount of $7,793.00, which includes all attorneys fees and expenses [5] necessitated by plaintiff's motion for entry

of default judgment and the preparation and conduct of Rule 11 (plaintiff and Butler will not be charged twice for defendants' preparation time for the two Rule 11 hearings scheduled), and it is further

ORDERED defendant Northwestern is awarded attorneys fees and expenses in the amount of $6,917.85. This includes preparation time and expenses for *one* Rule 11 hearing, and it is further

ORDERED that payment to defendant Northwestern shall be made by certified check drawn to the order of Shank, Irwin & Conant, within ten (10) business days of the date of this Order; and it is further

ORDERED, that the sanctions awarded herein are imposed against *both* Gas Reclamation, Inc., and Howard B. Butler, Jr., on a joint and several basis, so that the entire amount so imposed may be recovered by the defendants from either the plaintiff or the plaintiff's counsel personally; and it is further

ORDERED, that payment to Spira and Haas in the amount of $7,793.00 shall be made by certified check drawn to the order of Morris & Campbell, P.C., within ten (10) business days of the date of this Order; and it is further

ORDERED, that any violation of this Order by Gas Reclamation or Howard B. Butler, Jr. shall be RECOMMENDED to be punishable as contempt thereof; and it is further

ORDERED, that this Court shall, and hereby does retain jurisdiction of this matter pending full, complete, and satisfactory compliance with this Order.

---

ants and defense counsel in two different forums simultaneously. These are harassing actions.

5. Counsel for Butler noted that these expenses included expenses for 'Lexis' research and argued that Butler should not be charged for

these. However, Butler failed to subpoena records or show what portion of the expenses were attributable to computer research. In addition, counsel's expeditious use of the computer may well have lessened the necessary attorney research time.