In re ALEXANDER GRANT & CO. LITIGATION.

This document relates to 85–6219 (TEW).

Master File No. ESM I.

United States District Court, S.D. Florida, N.D.

May 6, 1986.

Mara Beth Sommers, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Miami, Fla., for Tew.

Richard E. Brodsky, Paul, Landy, Beiley & Harper, Miami, Fla., Alvin Stein, Robert M. Carmen, Parker Chapin Flattau & Klimpl, New York City, for Grant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the plaintiff-receiver's Motion for Determination as to Mail Service.

The receiver requests that this court determine whether a defendant's return of notice and acknowledgment is required to complete serve by mail attempted pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure.

In this instance, the court is compelled to find that while return of notice and acknowledgment is not required of defendants, strict compliance with all of the requirements of Rule 4(c)(2)(C)(ii) is required of plaintiffs.

Rule 4(c)(2)(C)(ii), Fed.R.Civ.P. provides: (C) A summons and complaint may be served upon a defendant ...

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 18–A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgment is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be*

*made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).* (Emphasis added).

In the instant case, the plaintiff served 470 defendants by mail. Only four acknowledgments were completed and returned; six mailings came back undeliverable. Although the probability that the remaining defendants received service is great, and the possibility that any Grant partners are without knowledge of this litigation is very remote, the court nevertheless must find that service by mail alone is not sufficient.

The plaintiff relies upon *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984). In *Morse,* however, that court was confronted with a case presenting a difficult situation involving an attempt to manipulate Rule 4(c)(2)(C)(ii) in an effort to invoke a statute of limitations defense. The peculiar equitable considerations may well have affected that decision.

This court is not faced with the peculiar equities presented to the *Morse* court. Grant partners merely exercised an option provided for under Rule 4(c)(2)(C)(ii).

In *Delta Steamships Lines, Inc. v. Albano,* 768 F.2d 728, 730 (5th Cir.1985), the court determined that:

> Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving *in personam* jurisdiction as well as service of process and that the defendant's return and acknowledgment are an essential part of that procedure. It necessarily follows that the requirements of Rule 4(c)(2)(C)(ii) must be fully satisfied if the benefits of the Rule are claimed.

The Grant defendants having failed to acknowledge service of process within 20 days after mailing, the plaintiff thereby becomes obligated to effectuate service of process pursuant to Rule 4(d)(1) or (3) which detail the manner of personal, domiciliary and agency service of process. *Delta Steamships, Inc. v. Albano, Id.; Stranahan Gear Company, Inc. v. NL Indus-*

*tries, Inc.,* 102 F.R.D. 250 (E.D.Penn.1984); *Billy v. Ashland Oil, Inc.,* 102 F.R.D. 230 (W.D.Penn.1984).

Although the court cannot approve of the defendants' obvious disregard for the spirit of Rule 4(c)(2)(C)(ii), it believes itself powerless to hold otherwise. The court notes that the intent of Rule 4(c)(2)(C)(ii) clearly counsels against the defendants' inaction. Until such time as the Rule is refined or amended, however, this strategy will continue to frustrate both plaintiffs and the judiciary. Plaintiffs will be left to the remedy available to them under Rule 4(c)(2)(D), that is, reimbursement of the costs of personal service.[1]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the receiver's Motion for Determination as to Mail Service be and the same is **GRANTED.**

It is further **ORDERED AND ADJUDGED** that service by mail alone is deemed insufficient to obtain personal jurisdiction over the defendants absent their return of an acknowledgment of service as required by Rule 4(c)(2)(C)(ii). The receiver shall proceed with service of process pursuant to Rule 4(d)(1) or (d)(3).

---

**1.** As mail service is not sufficient, the court need not address the defendants' contention that mail service is unavailable for out-of-state defendants.