**Terry H. HUNTER, Plaintiff,**

v.

**Daniel C. KIMBERLIN, Defendant.**

Civ. A. No. 87–2421–S.

United States District Court,
D. Kansas.

April 7, 1988.

Thomas J. O'Brien, Raytown, Mo., James W. Dahl, Overland Park, Kan., for plaintiff.

Charles A. Getto, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. Defendant seeks summary judgment in his favor because he claims proper service was not effected within the applicable statute of limitations.

This case arises out of an automobile accident which occurred on July 6, 1985. Plaintiff filed this suit on May 20, 1987, in the District Court of Wyandotte County, Kansas, seeking monetary damages in excess of $10,000 arising out of the accident. Defendant removed the suit to this court on August 12, 1987. However, as of that date, defendant claims plaintiff had not effected proper service upon him. Plaintiff had attempted service by mail pursuant to K.S.A. 60–314. On July 14, 1987, defendant received, by mail, a copy of the summons, the petition, and two copies of the notice and acknowledgment of receipt form prescribed by K.S.A. 60–314. Defendant did immediately sign and date the notice and acknowledgment of receipt forms. However, he did not return the forms to the plaintiff. Plaintiff did not attempt any further service. On August 17, 1987, defendant filed his answer and included as

affirmative defenses the statute of limitations, the insufficiency of process and the insufficiency of service of process.

Defendant argues that since he failed to return the executed notice and acknowledgment of receipt forms, service was never effected under K.S.A. 60–314. Kansas law provides that an action is commenced only when service is effected, unless service is obtained within 90 to 120 days after the filing of the petition. K.S.A. 60–203(a)(2). Defendant contends that since service was not obtained within 90 to 120 days after the petition was filed, the action may be commenced only upon effective service. Any further attempt at service would fall outside the statute of limitations; this action accrued on July 6, 1985, and the applicable statute of limitations is two years. K.S.A. 60–513(a)(4). The period of limitation therefore expired on July 6, 1987, and this action would be barred.

The court notes, as a preliminary matter, that plaintiff has wholly failed to comply with the Local Rules in his responses; he failed to file a response within the time allowed by the Rules, he failed to show the court good cause why he did not timely respond to defendant's motion, even after this court ordered him to do so, *see Hunter v. Kimberlin,* Show Cause Order, December 22, 1987, and he filed a response to defendant's reply, even though such a filing is not allowed by the Local Rules and no permission was given by the court. In light of these violations, the court could, in its discretion, grant defendant's motion. However, in the interests of justice, the court will proceed to address the substantive issues raised by the defendant's motion. The court would simply advise plaintiff's counsel to educate himself on the Local Rules for future reference.

█ In a diversity action such as this, in which the statute of limitations is at issue, the court must look to state law for a determination of when the action was "commenced." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 534, 69 S.Ct. 1233, 1235, 93 L.Ed.

1520 (1949). Unlike Rule 3 of the Federal Rules of Civil Procedure, K.S.A. 60–203(a) provides that a case is commenced upon filing a petition only if service is effected within 90 to 120 days. Otherwise, the case is commenced only when service is effected. Service may be effected by first-class mail on an individual by complying with K.S.A. 60–314. Subsection (a) of that statute provides in part:

[A] summons and petition may be served upon [an individual] defendant by mailing a copy of the summons and of the petition by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment of receipt of summons and petition and a return envelope, postage prepaid, addressed to the sender.

Subsection (b) of the same statute goes on to provide:

Unless good cause is shown for not doing so, the court shall order the payment of the reasonable costs of obtaining personal service by the person served, if such person does not complete and return the notice and acknowledgment of receipt of summons and petition within 20 days after its mailing.

Defendant argues that subsections (a) and (b) read together require that service is not effective unless defendant signs the notice and acknowledgment of receipt *and* returns it to the plaintiff. Defendant supports his argument by citing the similar provisions in Rule 4(c)(2)(C)(ii) and 4(c)(2)(D) of the Federal Rules of Civil Procedure, and the case law interpreting those provisions. He points out that the language in the Federal Rule is nearly identical to that in K.S.A. 60–314, and courts have uniformly interpreted the Federal Rules as requiring that the signed notice and acknowledgment of receipt be returned to the plaintiff before service is complete. *See, e.g., Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53 (3d Cir.1986); *Delta Steamships Lines, Inc. v. Albano,* 768 F.2d 728 (5th Cir.1985).

The court has no reason to question this interpretation of the Federal Rule. However, we are not proceeding here under the

Federal Rule; instead, we must look to the Kansas statute for guidance. If the language of Rule 4 tracked that of K.S.A. 60–314 exactly, then the federal case law cited by defendant would be persuasive. However, the language does differ significantly.

Rule 4(c)(2)(C)(ii) provides in part that:

If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint *shall* be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) (personal service) (emphasis added).

The Kansas statute contains no identical provision. Furthermore, K.S.A. 60–314(d) provides that:

Service of process shall be considered obtained under K.S.A. 60–203 and amendments thereto upon the execution of the acknowledgment of receipt of summons and petition.

The Federal Rules do not contain a similar provision.

█ Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure plainly requires plaintiff to take an additional step if the defendant does not return to him the notice and acknowledgment: he "shall" effect service personally. The Kansas provision does not seem to require this additional step; instead, it only provides that in the event defendant does not notify plaintiff that he has notice, defendant will be ordered to pay the costs plaintiff incurs to further ensure that defendant has notice. *See* K.S.A. 60–314(b). Furthermore, the plain language of K.S.A. 60–314(d) seems to indicate that execution of the acknowledgment is the last step required in order to effect notice. It is persuasive that the Federal Rules do not contain a similar provision; if Congress had set out this basic rule contained in K.S.A. 60–314(d) for determining at what point service is effective, then the federal courts' decisions in cases such as *Stranahan Gear Co., Inc.* and *Albano* would have been different.

The plain language of the Kansas statute indicates the Kansas legislature intended that return not be an additional requirement for effective service by mail. It did intend that a defendant who left a plaintiff wondering whether service had been effected would pay the additional costs of a plaintiff who took further steps to assure himself. *See* K.S.A. 60–314(b). However, service is still effective at the time of acknowledgment.

In the present case, plaintiff filed his suit on May 20, 1987. On July 14, 1987, defendant received notice of the suit and executed the acknowledgment of service. At that point, service was effective. Since less than 90 days had passed between the time the suit was filed and the time service was effected, the time of "commencement" related back to the time of the original filing: May 20, 1987. *See* K.S.A. 60–203(a)(1). Since the statute of limitations did not expire until July 6, 1987, the case was timely filed. Defendant's motion for summary judgment will be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is denied.