**Harry BARACH and Florence C. Barach, his wife,**

v.

**Dale E. GREATHOUSE.**

**Civ. No. T–75–1598.**

United States District Court, D. Maryland.

Dec. 10, 1975.

Lawrence F. Weslock, Hillcrest Heights, Md., for plaintiffs.

## OPINION

THOMSEN, Senior District Judge.

This action, filed in this court on November 7, 1975, arises out of an automobile accident on June 19, 1975, in the State of Florida. The complaint alleges that plaintiffs are citizens of Maryland and that defendant is a citizen of Ohio. There is no allegation connecting defendant with the State of Maryland in any way. Diversity jurisdiction exists, 28 U.S.C. § 1332(a), and venue is properly laid in this district, § 1391(a);

the problem is jurisdiction over the person of defendant.

Plaintiffs ask this court to direct that a summons be issued and that it be served on defendant in Ohio. Rule 4, F.R.Civ.P., deals with process in civil actions; subdivision (e) of that Rule covers service upon a party not an inhabitant of or found within the state in which the district court is held. For service to be effective outside the state in which the court is located, it must be authorized by a statute of the United States, by an order of court, or by a statute or rule of the state in which the district court sits. Rule 4(e). Under the allegations of the complaint in this case, no federal or state statute provides for service to be made outside the State of Maryland; there is no allegation which would bring the defendant within any of the provisions of the Maryland "long arm statute". Anno.Code of Md., Courts & Jud. Proc. Art., § 6–103 (1974). So, although diversity jurisdiction exists and venue is properly laid here, if service of process were made on defendant he could successfully contest such service on the ground that this court lacks personal jurisdiction over him. However, a defendant may waive objections to the lack of personal jurisdiction over him. This court, therefore, concludes that the proper course to follow in this case is to notify defendant of this proceeding, by mailing him a copy of the complaint, and to give him an opportunity to consent to be sued in this court, rather than elsewhere, if he wishes to do so. The order attached hereto shall be sent by the Clerk to defendant by certified mail, return receipt requested. If defendant agrees not to challenge service of process, the Clerk shall cause process to be issued and served on defendant. Otherwise, plaintiffs must bring this action in a court which has personal jurisdiction over defendant.

## MEMORANDUM AND ORDER

The claims asserted in this suit, which was filed on November 7, 1975, arise out of a motor vehicle collision which is alleged to have occurred on June 19, 1975, in the State of Florida. Plaintiffs are alleged to be residents of the State of Maryland and the defendant, Dale E. Greathouse, is alleged to be a resident of the State of Ohio. Subject matter jurisdiction is claimed by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The attorney for the plaintiffs has requested the Clerk to cause a summons to be issued and sent to the Marshal for service on said defendant outside of Maryland. No facts have been alleged which would make such service outside of Maryland valid under Rule 4 of the Federal Rules of Civil Procedure. It may be, however, that said defendant is willing to defend this suit in this court rather than require that another suit be filed in a court in which service of process against said defendant can be validly made.

The Clerk is directed not to issue summons at this time. The Clerk is directed to mail a copy of the complaint and a copy of this memorandum and order to the defendant by certified mail, return receipt requested. Unless the defendant, within 30 days after receipt of a copy of this order, affirmatively agrees in writing not to challenge the validity of service on him of a summons which would issue out of this court in this case, the case will be dismissed without prejudice to plaintiffs filing suit in another court, unless the plaintiffs show cause to the contrary within 60 days after the date of this order.

In the event the defendant agrees not to challenge the service of process, the Clerk shall forthwith issue a summons and have the summons served upon the defendant.