Joseph J. ATTWELL and Arlene Attwell, Plaintiffs-Appellants,

v.

LaSALLE NATIONAL BANK, a National Banking Association, and George Epiney, Senior Vice President, Defendants-Appellees.

No. 79–1712

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1979.

Rehearing Denied Jan. 17, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Joseph J. Attwell, pro se.

Powell, Goldstein, Frazer & Murphy, Karen Wildau, Edward E. Dorsey, W. E. Robinson, Atlanta, Ga., for defendants-appellees.

Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge.

Appellants Joseph J. and Arlene Attwell, while residents of Illinois, obtained a loan from appellee, LaSalle National Bank. They moved to Georgia. The loan was in default and appellee filed suit in state court in Illinois recovering judgment against appellants for $2,286.01.

Appellants filed the instant suit with service thereof being made two days after entry of the judgment on the defaulted note.

In their complaint appellants contend that appellees, LaSalle National Bank and George Epiney, Sr., its senior vice-president, had no legal right to initiate the lawsuit in Illinois because appellees knew that appellants had no funds to repay the loan and that the suit would injure appellants' credit

rating and hamper Mr. Attwell's efforts to secure employment as an attorney. The complaint sought the enjoining of the Illinois proceeding, the dismissal of that litigation and an award of both compensatory and punitive damages.

The first count of the complaint is based on diversity jurisdiction, 28 U.S.C. § 1332. The second count bears marked similarity to the first and appends allegations of violation of due process based on the bank's use of the Illinois long-arm statute in its suit on the note. It is contended that this procedure was contrary to 42 U.S.C. § 1983 and that the court has jurisdiction under 28 U.S.C. § 1343. The third count alleges that the bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., when it disseminated credit information about the default in payment which information was damaging to appellants. Jurisdiction here is asserted under 28 U.S.C. § 1331. The relief sought included an injunction against distribution of any information concerning the loan account and an order directing appellees to deliver over copies of all credit data it had distributed.

Appellees filed responsive pleadings including a motion to dismiss under Fed.R. Civ.P. 12(b)(2), challenging the personal jurisdiction of the court. The motion also questioned venue under 12(b)(3) and the sufficiency of service of process under 12(b)(5).

The district court determined to consider together the issues of jurisdiction over the person and sufficiency of service of process. Having done so the district court concluded that the facts did not support the exercise of personal jurisdiction over the defendants and accordingly granted appellees' motion and dismissed the complaint. We affirm.

The dispositive facts as established by the pleadings and the uncontroverted affidavits filed by appellees are not in dispute. The Attwells while residents of Illinois secured a loan from the LaSalle National Bank, a national banking association with its principal place of business in Cook County, Illinois. The Attwells moved to Georgia. The loan was in default. There were communications between the Attwells in Georgia and bank representatives in Illinois, specifically a telephone conversation initiated by the Attwells, a letter response to that conversation from the bank and one further communication in which the bank agreed to a one month extension of payment. That extension is not material herein. The bank has done no business whatever in Georgia, it had no contacts with Georgia other than the noted communications with appellants with reference to payment of the defaulted loan. The bank owned no property in Georgia. The co-appellee, Mr. Epiney, has always lived in Illinois, he had never conducted or transacted any business in Georgia other than the noted loan related communications, and he owns no property in Georgia.

Service of process herein was accomplished pursuant to the provisions of the Georgia long-arm statute, Ga.Code Ann. § 24–113.1.

It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process. To determine that, resort must be made to the Federal Rules of Civil Procedure, in this instance Rule 4. Two subsections of Rule 4 are pertinent, 4(d)(7) and 4(e).[1]

1. (d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

 * * * * * *

 (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.

 (e) Same: Service upon Party Not Inhabitant of or Found Within the State. Whenever a statute . . . of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an

There is no special statute of the United States prescribing service of process in the instant suit which would vary the usual practice and procedure. The recognized territorial limitations are obviously exceeded. Rule 4(f). This is a suit in the district court in Georgia against Illinois residents. We must, perforce, refer to state law. The applicable state statute is, as noted above, the Georgia long-arm statute which provides:

A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) Transacts any business within this State; or

(b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or

(c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; or

(d) Owns, uses or possesses any real property situated within this State.

■ It is appropriate in a diversity case for a federal court to exercise in personam jurisdiction over a foreign defendant if the state court may do so in the proper exercise of state law. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933); *Mack Trucks, Inc. v. Arrow Aluminum Castings Co.*, 510 F.2d 1029 (5th Cir. 1975). However, in applying such statutes it has long been recognized that the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), which we read to hold that a foreign corporation must have done some act purposefully availing itself of the privilege of conducting business activities in the forum state to subject itself to the jurisdiction of that state's courts.

A brief examination of the subparts of the Georgia statute is in order.

■ Subsection (a) authorizes in personam jurisdiction over a nonresident transacting business within the state. The Georgia Supreme Court enunciated the parameters of this provision in *Davis Metals Inc. v. Allen*, 230 Ga. 623, 198 S.E.2d 285, 287 (1975), as follows:

"Under our Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice."

It is abundantly clear that the uncontroverted facts do not conform to the *Davis Metals* requirements. Notably the contacts in the case at bar are substantially less than those which existed in *Robinson v. Ravenel Co. Inc.*, 411 F.Supp. 294 (N.D.Ga.1976), which were found to be insufficient. In *Robinson* the nonresident had signed loan commitment letters in Georgia, had negotiated checks drawn on Georgia banks and had employed a Georgia law firm to review loan documents.

■ There is a measure of discretion on the part of the states in their exercise of jurisdiction over nonresidents consistent, of course, with the constitutional limitations. A clear expression of the extent opted for by Georgia is found in *Shellenberger v.*

inhabitant of or found within the state . . . service may . . . be made under the cir-

cumstances and in the manner prescribed in the statute . . .

*Tanner*, 138 Ga.App. 399, 408, 227 S.E.2d 266, 274 (1975):

"When a nonresident engages in some activity with or in the forum, even a significant single transaction, whether he be physically present there or not, and as a result business is transacted or a tortious injury occurs, a jurisdictional 'contact' exists between that nonresident and the forum. But when the unilateral actions of a forum plaintiff merely involve or somehow relate to a nonresident who has in no way conducted some activity with or in the State, there may be a 'connection' between the nonresident and the plaintiff but there is no 'contact' between the nonresident and the forum such that jurisdiction will lie."

And again at 138 Ga.App. 410, 227 S.E.2d 275, the Georgia court concluded:

". . . [t]o hold that a nonresident who [was] conduct[ing] no activity in or with Georgia is subject to our jurisdiction [will] eliminate the requirement for a 'minimum contact' between [the] defendant and this forum; there would be no due process limitation on this State's extraterritorial power over nonresidents. We therefore hold that the mere allegation that as a result of an act or omission by a nonresident outside this state an injury has occurred to a Georgia plaintiff does not establish a 'contact' with this forum in the absence of an implicit or explicit showing of activity with or in Georgia by the nonresident."

Subsection (a) of the Georgia long arm statute does not vest personal jurisdiction in the district court in this case.

■ An analysis of subsection (b) leads to a similar conclusion. This section covers the commission of a tortious act or omission within the state. There is a specific exception, the tortious act or omission must be other than the defamatory act complained of. Appellants assert that the lawsuit filed against them in Illinois, coupled with the dissemination of the credit information consistent with that litigation, constituted tortious conduct (defamation) and it is upon this that they would assert personal juris-

diction. This contention overlooks the very language of the statute. For tortious conduct to constitute a basis for the exercise of personal jurisdiction the conduct vesting jurisdiction must be an act or omission separate and apart from the act of which they here complain, i. e., the alleged defamatory behavior. See *Process Control Corporation v. Witherup Fabrication*, 439 F.Supp. 1284, 1287 (N.D.Ga.1977), wherein the court notes that personal jurisdiction over a non-resident lies when defamatory actions occur in the state "[if] the nonresident also [has] sufficient minimum contacts with Georgia other than the contacts which arise from the acts constituting the defamation."

There being insufficient contacts with Georgia, the district court did not have personal jurisdiction over the appellees even if we were to assume, per arguendo, that there was a circulation of defamatory information in Georgia. We specifically note, however, that the record does not support such an assumption.

We find equally inapplicable the provisions of subsections (c) and (d) of the Georgia long-arm statute. Under subsection (c) it is necessary that the alleged tortfeasor regularly conduct or engage in business or follow a persistent course of conduct in Georgia or derive substantial revenue from activities performed in that state. There is no evidence of such. Similarly subsection (d) requires the ownership, use or possession of real property within the state and such does not exist herein.

■ Appellants contend that appellees' filing of affidavits converted their motion to dismiss into a motion for summary judgment and proper procedures with respect thereto were not followed. There would be some merit to this contention if the motion to dismiss were based on Rule 12(b)(6) (failure to state a claim). Appellees' motion, however, is not thus cast. The language of Rule 12, on conversion of motions, is very express in limiting its application to 12(b)(6) motions. In the case at bar the court may properly consider affidavits for purposes of resolving jurisdictional disputes. *Edwards*

*v. Associated Press*, 512 F.2d 258 (5th Cir. 1975); *accord: O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971); 5 Wright & Miller, *Federal Practice and Procedure*, Civil § 1351, p. 565.

 Finally, we note merely in passing, since such need not be reached, that the challenge to the venue was well taken. An action against a national bank must be brought in the district where the bank is established or located. 12 U.S.C. § 94. For venue purposes this means the place as specified in the certificate from the Comptroller of the Currency. *Northside Iron and Metal Co. Inc. v. Dobson and Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973). Further, an action which is not based solely on diversity, absent special statute or rule, must be brought in the district where all defendants reside or in which the claim arose. 28 U.S.C. § 1391(b).

For reasons assigned the judgment of the district court is

AFFIRMED.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.