825 F.2d 437
 263 U.S.App.D.C. 300, 56 USLW 2103, 8
Fed.R.Serv.3d 627
 Harrison COMBS, Trustee, United Mine Workers 1974 Pension Trust, et al.
v.
NICK GARIN TRUCKING, Appellant.
Harrison COMBS, Trustee, United Mine Workers 1974 Pension Trust, et al.
v.
NICK GARIN TRUCKING, Appellant.
 Nos. 84-5601, 84-5677.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 27, 1985.
Decided Aug. 4, 1987.
 
 Frank D. Magone, with whom Frank A. Conte was on the brief, for appellant.
 William F. Hanrahan, with whom Catherine H. Mitchell was on the brief, for appellees.
 Before ROBINSON and STARR, Circuit Judges, and McGOWAN, Senior Circuit Judge.
 Opinion for the Court filed by Circuit Judge SPOTTSWOOD W. ROBINSON, III.
 SPOTTSWOOD W. ROBINSON, III, Circuit Judge:
 
 
 1
 Appellant, Nick Garin Trucking (Garin Trucking), a sole proprietorship owned by Nick Garin, challenges the District Court's entry of, and subsequent refusal to vacate, a default judgment against it. We conclude that appellees' attempted utilization of the new federal mail service rule failed for lack of an acknowledgment of service, and foreclosed reliance on state-law methods of service of process. We accordingly hold the default judgment void and reverse.
 
 
 2
 * Appellees, trustees of the United Mine Workers of America 1974 Pension Trust,[1] instituted an action in the District Court in 1983, alleging that Garin Trucking had defaulted in the discharge of its withdrawal liability obligations[2] to the trust.[3] The trustees endeavored to effect service of process on Garin Trucking by mailing the summons and a copy of the complaint, via certified mail with return receipt requested, to Nick Garin at the company's address.[4] Enclosed with these papers were two copies of the "Notice and Acknowledgment for Service by Mail"[5] published as form 18-A in the Appendix of Forms to the Federal Civil Rules.[6] The notice informed Garin Trucking that the summons and complaint were "served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure,"[7] and referring to an enclosed form captioned "Acknowledgment of Receipt of Summons and Complaint,"[8] the notice warned:
 
 
 3
 If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.
 
 
 4
 If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.[9]
 
 
 5
 The trustees later received a return receipt, bearing the purported signature of Nick Garin in the space for signature of the addressee, which indicated that the summons and complaint had been delivered.[10] Neither Nick Garin nor Garin Trucking, however, ever returned the acknowledgment of service of those papers.[11]
 
 
 6
 Shortly thereafter, the trustees asked the clerk of the District Court to enter Garin Trucking's default.[12] In a supporting affidavit, counsel for the trust avowed that "the complaint and summons in this action were served upon the defendant via registered or certified mail...."[13] The clerk entered a default on the day the request was made.[14]
 
 
 7
 The trustees then moved for entry of a judgment by default.[15] At that point, Garin Trucking made its first appearance in the case[16] by filing a memorandum in opposition to entry of a default judgment.[17] Garin Trucking also submitted a motion of its own, apparently seeking to set aside the default.[18] Both filings rested on the contention that the trustees had not obtained valid service of process. Garin Trucking argued that by enclosing copies of form 18-A with the summons and complaint, the trustees had elected to attempt service pursuant to Rule 4(c)(2)(C)(ii), and that the requirements of that provision had not been satisfied because service had never been acknowledged.[19] The trustees conceded that initially they had relied on Rule 4(c)(2)(C)(ii),[20] but contended that regardless of any failure to effect proper service thereunder, the mailing satisfied alternatively[21] the requirements of Rule 4(c)(2)(C)(i), which authorizes service in accordance with state law.[22] The District Court granted the trustees' motion for a default judgment and referred the case to a magistrate for an evidentiary hearing on damages.[23]
 
 
 8
 Garin Trucking then moved, pursuant to Rule 60(b),[24] to vacate the default judgment,[25] ] again contending that the judgment was improper for failure to effect service.[26] The District Court denied this motion in an order rejecting as "without merit" the proposition that an acknowledgment was "a requisite to service under Rule 4."[27] Shortly thereafter, the court entered judgment for the trustees in the amount of $48,620.39 in accordance with the recommendation of the magistrate.[28] Garin Trucking now appeals from both orders.
 
 II
 
 9
 A motion to vacate a default judgment is governed by Federal Civil Rule 60(b).[29] In pertinent part, that rule provides:
 
 
 10
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... [or] (4) the judgment is void....[30]
 
 
 11
 Garin Trucking referred the District Court to Rule 60(b) as ample support for its request that the default judgment be nullified,[31] and reasserts that position here.
 
 
 12
 We begin our analysis of Garin Trucking's argument by noting potentially crucial differences between subdivisions (1) and (4) of Rule 60(b). A motion to set aside a default judgment pursuant to Rule 60(b)(1) "is committed to the discretion of the trial court"[32] and any ruling thereon will be reversed on appeal only if that discretion is abused.[33] In contrast, "[t]here is no question of discretion on the part of the court when a motion is under Rule 60(b)(4);"[34] if the judgment is void, relief is mandatory.[35] Moreover, different elements must be considered in evaluating applications under the two provisions. In reviewing motions pursuant to Rule 60(b)(1), we have directed the District Court to take three factors into account: " 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [to the action is] meritorious.' "[36] On the other hand, "[a] party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity."[37] With these dissimilarities in mind, we turn to first consider whether the judgment at issue was void.
 
 III
 
 13
 Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous.[38] Rather, before a judgment may be deemed void within the meaning of the rule, "it must be determined that the rendering court was powerless to enter it."[39] Of course, an in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant.[40] And, since service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party,[41] it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied.[42] Thus, if Garin Trucking's service-of-process objection is meritorious, we must reverse the default judgment herein as void.
 
 
 14
 In the federal courts, the adequacy of efforts to effect service in civil actions is controlled by Rule 4.[43] As recently amended,[44] that rule authorizes three principal methods of serving process in civil actions: (1) personal service by anyone not a party to the suit who is at least eighteen years of age,[45] (2) service pursuant to state law,[46] and (3) mail service in accordance with the requirements of subdivision (ii) of subparagraph (c)(2)(C).[47]
 
 
 15
 It is undisputed that the trustees relied initially on the federal mail service rule in attempting service[48] and, because they admit that no acknowledgment of service was ever received,[49] they do not argue that the requirements for federal mail service were satisfied.[50] Instead, the trustees maintain that, as it turned out, the complaint was properly served in accordance with state law and validated by Rule 4(c)(2)(C)(i).[51] The question thus confronting us is whether an unsuccessful attempt at federal mail service is nonetheless effective if it conforms with state-law methodology.
 
 
 16
 Rule 4(c)(2)(C)(ii) sets forth specifically the options available to a plaintiff whose effort to achieve federal mail service is frustrated by a defendant who declines to acknowledge:
 
 
 17
 If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....[52]
 
 
 18
 Subparagraphs (A) and (B) authorize personal service by a nonparty[53] and by a United States marshal,[54] respectively. The unmistakable meaning of this provision is that if a defendant does not return the notice of acknowledgment, the plaintiff must make a second attempt to secure service on that defendant if he is to be further pursued in the litigation.[55]
 
 
 19
 This reading is bolstered by two factors. First, Rule 4 itself specifies the sanction that may be imposed upon the defendant for failure to return an acknowledgment--payment of "the costs of personal service"[56]--without any suggestion whatsoever that the failure might also result in entry of default or default judgment.[57] Second, only this reading of subdivision (ii) is consistent with the text of the form that must be sent to defendants when federal mail service is undertaken.[58] The form warns defendants that failure to return an acknowledgment may result in liability for the cost of alternative service, again without so much as a hint that such failure could expose the defendant to default or default judgment.[59] Indeed, the form indicates plainly enough that the only course of conduct which might give rise to judgment by default is the failure to file an answer within twenty days after returning the form.[60]
 
 IV
 
 20
 Our understanding of Rule 4(c)(2)(C)(ii) comports with a recent Fourth Circuit decision arising from facts identical to those in the case at bar. In Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.,[61] a default judgment was entered after federal mail service had been attempted and the defendant failed to return an acknowledgment.[62] As in the case sub judice, there was no subsequent effort to effect service.[63] The plaintiff argued that even if the lack of acknowledgment foreclosed reliance on Rule 4(c)(2)(C)(ii), the mailing "was nevertheless effective service under [state] law and Federal Rule 4(c)(2)(C)(i)."[64] Noting the inclusion with the suit papers of form 18-A,[65] the court emphatically rejected this contention:
 
 
 21
 The attempted service in this case was unequivocally made pursuant to Federal Rule 4(c)(2)(C)(ii). When no acknowledgment was received within twenty days, that rule itself required that service be made upon this ... defendant under subparagraph (A) or (B) ... which provide for personal service. ... Once service is attempted under Rule 4(c)(2)(C)(ii), service of process in accordance with state law, as otherwise authorized by 4(c)(2)(C)(i), is not permissible.[66]
 
 
 22
 The Third Circuit has subsequently adopted the Armco court's analysis to hold service initiated pursuant to the federal mail service rule completely ineffective without return of an acknowledgment.[67]
 
 
 23
 The trustees appear to concede that Armco's reasoning, if applied here, would entitle Garin Trucking to reversal.[68] They urge us to reject the Fourth Circuit's analysis in favor of that utilized by the Second Circuit in Morse v. Elmira Country Club.[69] Unlike Armco, the issue in Morse was whether the plaintiff had satisfied the applicable statute of limitations, which required service of process within three years of accrual of the cause of action.[70] The plaintiff had mailed the suit papers together with two copies of form 18-A pursuant to Rule 4(c)(2)(C)(ii) within the three-year period, but the defendant refused to return an acknowledgment.[71] Service on the defendant was subsequently effectuated by personal delivery, but only after the three-year period had expired.[72]
 
 
 24
 Confronted by this situation, the court held that Rule 4(c)(2)(C)(ii) should not be "read to void a received-but-unacknowledged mail service...."[73] The rule's requirement of a "second service," the court declared, was intended merely to provide additional "proof of service,"[74] and did not render the first attempt ineffective absent acknowledgment.[75] A contrary rule, in the Morse court's view, "would allow proper and known mail service [to] become ineffective simply because the defendant, without reason, acted like the dog in the manger."[76]
 
 
 25
 One could argue that Armco and Morse are reconcilable by virtue of the latter case's focus on statute-of-limitations issues. Because, however, the timeliness of the action in Morse was grounded on the court's determination that mail service had been achieved under Rule 4,[77] we doubt that the cases can be harmonized in this fashion.[78] The Morse court itself described Armco as "inapposite,"[79] seemingly viewing Armco as a ruling that a plaintiff must use personal service to obtain proof of a prior mail service in the absence of a returned acknowledgment, but not as holding that the acknowledgment was a prerequisite to effective mail service.[80] This supposed distinction, however, rests on a faulty understanding of the facts in Armco; as the Fourth Circuit noted, "[n]o other service of process was attempted" aside from the unacknowledged mailing.[81] Thus these decisions cannot be squared; they reflect antithetical readings of Rule 4(c)(2)(C)(ii), and we must consider each carefully before making any choice between them.
 
 
 26
 The Second Circuit's understanding of the preconditions to federal mail service appears to derive from the well-established principle that Federal Civil Rule 4 should be liberally construed in the interest of justice.[82] Accordingly, the court emphasized that "[a]bove all, strong factors of justice and equity"[83] compelled its decision. It is equally well-settled, however, that there are limits to the malleability of the rule.[84] Liberal construction "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process can be had."[85] The Fifth Circuit has held that Rule 4 cannot be construed to uphold use of a certified mailing defended as the "effective equivalent of federal service under Rule 4(c)(2)(C)(ii)"[86] where the requirements of that provision have not been satisfied.[87] Relying on the legislative history of the 1983 Amendments,[88] that court concluded "that the defendant's return and acknowledgment are an essential part of the procedure" for establishing in personam jurisdiction.[89]
 
 
 27
 The Second Circuit also noted the congressional role in shaping the rule[90] but reasoned that "Congress would have no ground" for wanting an unacknowledged mailing to be considered ineffective service where the record clearly established delivery of the suit papers.[91] Our review of the legislative history, however, indicates Congress evinced just such a desire. Acting pursuant to the Rules Enabling Act,[92] the Supreme Court initially proposed a federal mail service rule that would have authorized a default judgment without receipt of any acknowledgment of service from the defendant if "the record contain[ed] a return receipt showing acceptance [of the mailing] by the defendant or a return envelope showing refusal of the process by the defendant."[93] A defendant would have been required to show that the receipt was signed or delivery was refused by an unauthorized person in order to vacate a default judgment.[94] Congress explicitly rejected this approach[95] and instead specified that service would be "complete" only if the acknowledgment was returned.[96] Congress realized that defendants might not cooperate in this fashion, but nevertheless chose to limit the penalty imposed in such cases to imposition of the cost of personal service.[97] The principal analysis of the legislation made available prior to its consideration contains numerous indications that Congress understood that a plaintiff who unsuccessfully attempted federal mail service would be required to make a subsequent endeavor at service.[98]
 
 
 28
 Given this legislative history, the plain language of Rule 4(c)(2)(C)(ii),[99] and the additional guidance provided by Rule 4(c)(2)(D)[100] and Form 18-A,[101] we join with the Third[102] and Fourth[103] Circuits in holding that if a plaintiff elects to utilize the federal mail service rule and the defendant does not return the acknowledgment within the designated period, the mailing cannot stand as effective service of process simply by treating it as made in accordance with a state-law method that otherwise might have been available. Finding no effective service as yet accomplished in this case, we reverse the default judgment as void[104] and remand the case for further activities and proceedings not inconsistent with this opinion.
 
 
 29
 So ordered.
 
 
 
 [1]
 The action was brought on behalf of the trust pursuant to the Employee Retirement Income Security Act of 1974, Pub.L. No. 93-406, 88 Stat. 829, as amended by the Multiemployer Pension Plan Amendments Act of 1980, Pub.L. No. 94-364, 94 Stat. 1208 (codified as amended at 29 U.S.C. Secs. 1001-1461) [hereinafter cited as codified]. Verified Complaint for Declaratory and Injunctive Relief to Enforce Defendants' [sic ] Withdrawal Liability and to Recover Damages and Interest Pursuant to the Employee Retirement Income Security Act p 1, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Dec. 8, 1983) [hereinafter Complaint]. The trust is alleged to be a multiemployer pension plan within the meaning of 29 U.S.C. Sec. 1301(a)(3) (1982). Complaint, supra, p 4
 
 
 [2]
 The Multiemployer Pension Plan Amendments Act of 1980 requires an employer withdrawing from such a plan to "pay a fixed and certain debt to the pension plan. The withdrawal liability is the employer's proportionate share of the plan's 'unfunded vested benefits' calculated as the difference between the present value of vested benefits and the current value of the plan's assets." Pension Benefit Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 725, 104 S.Ct. 2709, 2715, 81 L.Ed.2d 601, 603 (1984) (citing 29 U.S.C. Secs. 1381, 1391 (1982))
 
 
 [3]
 Complaint, supra note 1, p 11. The trustees alleged that Garin Trucking became a participating employer in the trust pursuant to certain collective bargaining agreements and that the firm withdrew therefrom in 1981. Id., paragraphs 7-8
 
 
 [4]
 See Brief for Appellant at 3; Supplemental Brief for Appellant at 7; Brief for Appellees at 5
 
 
 [5]
 See Supplemental Brief for Appellant at 7; Brief for Appellees at 5
 
 
 [6]
 Federal Rules of Civil Procedure, Appendix of Forms, Form 18-A, Notice and Acknowledgment for Service by Mail. Although no party to this litigation ever filed for the record a copy of the form sent in duplicate to Garin Trucking, both sides characterize it in terms suggesting no deviation from form 18-A. See Supplemental Brief for Appellant at 7; Brief for Appellees at 5. Accordingly, we assume that the form utilized in this case was either identical to the federal form or substantially in conformity therewith
 
 
 [7]
 Form 18-A, supra note 6. Fed.R.Civ.P. 4(c)(2)(C)(ii) authorizes service on individuals and unincorporated associations
 by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph....
 Fed.R.Civ.P. 4(c)(2)(C)(ii). Subparagraphs (A) and (B) set forth the methods of personal service proper. Fed.R.Civ.P. 4(c)(2)(A), (B); see text infra at notes 54-55.
 
 
 [8]
 Form 18-A, supra note 6
 
 
 [9]
 Id
 
 
 [10]
 See Exhibit A, Affidavit for Entry of Default by Clerk, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Jan. 26, 1984)
 
 
 [11]
 See Brief for Appellant at 3; Brief for Appellees at 7
 
 
 [12]
 Request to Clerk to Enter Default, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Jan. 26, 1984). The clerk is authorized to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit. ..." Fed.R.Civ.P. 55(a)
 
 
 [13]
 Affidavit for Entry of Default by Clerk, supra note 10
 
 
 [14]
 Default, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Jan. 26, 1984)
 
 
 [15]
 See Motion for Entry of Default Judgment, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Feb. 24, 1984). See generally Fed.R.Civ.P. 55(c) (when claim of party "entitled to a judgment by default" is not for a sum certain, party "shall apply to the court" for judgment)
 
 
 [16]
 See Fed.R.Civ.P. 12(b). Counsel for Garin Trucking initially attempted to file these papers in early March, 1984. The clerk's office refused to accept them for failure to satisfy the District Court's Rule 1-4(a), which requires that "[a]ll pleadings submitted by out-of-town counsel must also be signed" by an attorney who is a member in good standing of the District Court bar. Counsel then wrote to the District Judge presiding over this matter, who ordered the papers filed. See Letter from Frank D. Magone, Esq., to District Judge Oberdorfer, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed March 15, 1984)
 
 
 [17]
 See Answer to Motion for Entry of Default Judgment, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Mar. 15, 1984)
 
 
 [18]
 See Motion for Relief from Order of Default Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure on Behalf of Defendant, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed Mar. 15, 1984) [hereinafter Motion for Relief]. Although the caption referred to Rule 60 and Garin Trucking asked the court to vacate "the Order of Default Judgment," no judgment had then been entered, and thus, presumably, the motion sought to set aside the entry of the default pursuant to Rule 55(c). Compare Fed.R.Civ.P. 55(c) ("court may set aside an entry of default") with Fed.R.Civ.P. 60(b) (authorizing court to relieve party "from a final judgment"). In a subsequent memorandum, counsel for Garin Trucking referred to this filing as a Rule 55(c) motion and specifically requested that the default be set aside. See Supplemental Memorandum of Defendant at 5, 8, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed May 2, 1984)
 
 
 [19]
 See Answer to Motion for Entry of Default Judgment, supra note 17, p 4; Motion for Relief, supra note 18, paragraphs 5-6; see also Supplemental Memorandum of Defendant, supra note 18, at 6-7
 
 
 [20]
 See Plaintiffs' Response to Supplemental Memorandum of Defendant at 2, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed May 14, 1984) ("the Trustees attempted to serve Garin [Trucking] in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii), and, to that end, included a Notice of Acknowledgment of Receipt of Summons and Complaint for Garin to sign and return")
 
 
 [21]
 See id
 
 
 [22]
 Rule 4(c)(2)(C)(i) provides for service of a summons and complaint on individuals or unincorporated associations "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State." Fed.R.Civ.P. 4(c)(2)(C)(i). The trustees relied in this regard on D.C.Code Ann. Sec. 13-431(3) (1981 & Supp.1986), which authorizes service outside the District of Columbia "by any form of mail addressed to the person to be served and requiring a signed receipt." See Plaintiffs' Response to Supplemental Memorandum of Defendant, supra note 20, at 2
 
 
 [23]
 Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C. May 18, 1984) (order). Garin Trucking noticed an appeal from this order on May 25, 1984. A panel of this court dismissed the appeal without prejudice, concluding that review by this court must be deferred until the District Court's entry of an order awarding damages to the trust. Combs v. Nick Garin Trucking, No. 84-5343 (D.C.Cir. Sept. 19, 1984)
 
 
 [24]
 Fed.R.Civ.P. 60(b). The rule is expressly made applicable to default judgments by Fed.R.Civ.P. 55(c). See note 29 infra and accompanying text
 
 
 [25]
 Motion to Vacate Entry of Default Judgment, Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C.) (filed June 6, 1984)
 
 
 [26]
 Motion to Vacate Entry of Default Judgment, supra note 25, paragraphs 3-7
 
 
 [27]
 Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C. July 27, 1984) (order)
 
 
 [28]
 Combs v. Nick Garin Trucking, Civ. No. 83-3651 (D.D.C. Aug. 29, 1984) (default judgment)
 
 
 [29]
 Fed.R.Civ.P. 55(c); see also Hicklin v. Edwards, 226 F.2d 410, 413 (8th Cir.1955)
 
 
 [30]
 Fed.R.Civ.P. 60(b)(1), (4). The rule also authorizes relief on other grounds not relevant to the present case. See Fed.R.Civ.P. 60(b)(2), (3), (5), (6)
 
 
 [31]
 Although Garin Trucking did not specify the portions of Rule 60(b) upon which it relied, see Motion to Vacate Entry of Default Judgment, supra note 24, courts have treated motions of this sort as invoking such subdivisions as may be pertinent to the dispute. See, e.g., V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir.1979)
 
 
 [32]
 Jackson v. Beech, 205 U.S.App.D.C. 84, 88, 636 F.2d 831, 835 (1980); see also Bridoux v. Eastern Air Lines, Inc., 93 U.S.App.D.C. 369, 373, 214 F.2d 207, 210, cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed.2d 647 (1954); Honneus v. Donovan, 691 F.2d 1, 2 (1st Cir.1982)
 
 
 [33]
 Jackson v. Beech, supra note 32, 205 U.S.App.D.C. at 84, 636 F.2d at 835; Bridoux v. Eastern Air Lines, Inc., supra note 32, 93 U.S.App.D.C. at 372, 214 F.2d at 210. In light of "the strong policies favoring the resolution of genuine disputes on their merits," Jackson v. Beech, supra note 32, 205 U.S.App.D.C. at 84, 636 F.2d at 835, however, we have recognized that an abuse of discretion in denying such a motion " 'need not be glaring to justify reversal,' " id. (quoting Keegel v. Key West & Carribbean Trading Co., 200 U.S.App.D.C. 319, 321, 627 F.2d 372, 374 (1980)) (additional citation omitted)
 
 
 [34]
 11 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2862, at 197 (1973) (footnote collecting cases omitted)
 
 
 [35]
 See, e.g., Honneus v. Donovan, supra note 32, 691 F.2d at 2; Hicklin v. Edwards, supra note 29, 226 F.2d at 413; V.T.A., Inc. v. Airco, Inc., supra note 31, 597 F.2d at 224 n. 9
 
 
 [36]
 Jackson v. Beech, supra note 32, 205 U.S.App.D.C. at 89, 636 F.2d at 836 (quoting Keegel v. Key West & Carribbean Trading Co., supra note 33, 200 U.S.App.D.C. at 321, 627 F.2d at 374 (citations omitted))
 
 
 [37]
 7 J. Moore & J. Lucas, Moore's Federal Practice, p 60.25, at 60-224 (1985); see also Schwarz v. Thomas, 95 U.S.App.D.C. 365, 369, 222 F.2d 305, 309 (1955) (" '[n]o showing of merits is necessary in support of a motion to vacate a void judgment' ") (quoting Wise v. Herzog, 72 U.S.App.D.C. 335, 341, 114 F.2d 486, 494 (1940)); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir.1985); Hicklin v. Edwards, supra note 29, 226 F.2d at 413
 
 
 [38]
 See, e.g., V.T.A., Inc. v. Airco, Inc., supra note 31, 597 F.2d at 224
 
 
 [39]
 Id
 
 
 [40]
 See, e.g., Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica, 614 F.2d 1247, 1255 (9th Cir.1980)
 
 
 [41]
 See Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-445, 66 S.Ct. 242, 246, 90 L.Ed. 185, 191 (1946); FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson, 205 U.S.App.D.C. 172, 191, 636 F.2d 1300, 1319 (1980); Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir.1979), cert. denied, 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980); Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976)
 
 
 [42]
 Williams v. Capital Transit Co., 94 U.S.App.D.C. 221, 224, 215 F.2d 487, 490 (1954); Hospital Mortgage Group, Inc. v. Parque Indus. Rio Canas, Inc., 653 F.2d 54, 57 (1st Cir.1981); Gold Kist, Inc. v. Laurinburg Oil Co., supra note 37, 756 F.2d at 19; Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 251 (4th Cir.1974); Mooney Aircraft, Inc. v. Donnelly, 402 F.2d 400, 406 (5th Cir.1968); Hicklin v. Edwards, supra note 29, 226 F.2d at 413; Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir.1982). The sole exception to this principle exists when a defendant has waived insufficiency of service and thereby has voluntarily subjected himself to personal jurisdiction. See, e.g., Hospital Mortgage Group, Inc. v. Parque Indus. Rio Canas, Inc., supra, 653 F.2d at 56; United States v. Gluklick, 801 F.2d 834, 837 (6th Cir.1986); Veeck v. Commodity Enter., Inc., 487 F.2d 423, 425-426 (9th Cir.1973). A waiver occurs when a defendant files either an answer or a preanswer motion to dismiss without challenging the sufficiency of the service. Fed.R.Civ.P. 12(b), (h)(1); see, e.g., Pila v. G.R. Leasing & Rental Corp., 551 F.2d 941, 943 (1st Cir.1977); Golden v. Cox Furniture Mfg. Co., 683 F.2d 115, 118 (5th Cir.1982); Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir.1985). We do not discern any contention by the trustees that Garin Trucking waived its objection to the service
 
 
 [43]
 Fed.R.Civ.P. 4; see, e.g., Attwell v. LaSalle Nat'l Bank, supra note 41, 607 F.2d at 1159; Betlyon v. Shy, 573 F.Supp. 1402, 1404 (D.Del.1983). Of course, a party is free to consent to service in a manner deviating from Rule 4. See, e.g., Barach v. Greathouse, 407 F.Supp. 1399, 1400 (D.Md.1975)
 In addition to the specific requirements imposed by Rule 4, the Due Process Clause of the Fifth Amendment more generally demands "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); see also FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson, supra note 41, 205 U.S.App.D.C. at 191, 636 F.2d at 1319; Leab v. Streit, 584 F.Supp. 748, 758-759 n. 11 (S.D.N.Y.1984). Garin Trucking does not claim that the trustees' attempt at service fell short of this constitutional standard.
 
 
 [44]
 Amendments in 1983 to Rule 4 "radically altered" the method of serving process in federal civil actions by creating a system of mail service not dependent upon the availability of such service under state law. 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice p 4.08, at 4-95 to 4-96 (1985); see note 48 infra. Unlike the bulk of amendments to the Federal Civil Rules, these revisions were not promulgated by the Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. Sec. 2072 (1982), but rather by Congress. See Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97-462, 96 Stat. 2527. See generally Walker, The 1983 Amendments to Federal Rule of Civil Procedure 4--Process, Jurisdiction, and Erie Principles Revisited, 19 Wake Forest L.Rev. 957, 959-961 (1983). These changes became effective on February 26, 1983, and thus are referred to as the 1983 amendments. See 2 J. Moore, J. Lucas, H. Fink & C. Thompson, supra, p 408, at 4-95 to 4-96
 
 
 [45]
 See Fed.R.Civ.P. 4(c)(2)(A)
 
 
 [46]
 Fed.R.Civ.P. 4(c)(2)(C)(i), quoted supra note 22; see, e.g., Pena v. Serguros La Comercial, S.A., 770 F.2d 811, 815 (9th Cir.1985) (Arizona law); Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 147 (10th Cir.1985) (Oklahoma law); Fairchild Co. v. C.T. Main Constr., Inc., 624 F.Supp. 903 (E.D.Pa.1985) (Pennsylvania law). State-law methods, like the federal mail service rule, may be utilized only with respect to a defendant who is "an individual other than an infant or an incompetent person," a domestic or foreign corporation, or a partnership or other unincorporated association "which is subject to suit under a common name." Fed.R.Civ.P. 4(c)(2)(C), 4(d)(1), (3)
 
 
 [47]
 See Fed.R.Civ.P. 4(c)(2)(C)(ii), quoted supra note 7. Prior to the 1983 amendments, plaintiffs could resort to mail service only when specifically authorized by state law. Fed.R.Civ.P. 4(d)(7) (current version at Fed.R.Civ.P. 4(c)(2)(C)(i)); see 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1137, at 260 (supp. 1985); 2 J. Moore, J. Lucas, H. Fink & C. Thompson, supra note 44, p 4.08, at 4-99. To distinguish instances in which mail service rests on state law, see note 46 supra and accompanying text, from those bottomed on Rule 4(c)(2)(C)(ii), we refer to the latter mode as federal mail service
 In addition to the three primary methods, Rule 4 authorizes service by a United States marshal or deputy marshal in certain limited instances and service by a person specially appointed by the court, see Fed.R.Civ.P. 4(c)(1), (2)(B). These methods are seldom used today. See 2 J. Moore, J. Lucas, H. Fink & C. Thompson, supra note 44, p 4.08, .
 
 
 [48]
 See text supra at note 7
 
 
 [49]
 See text supra at note 11
 
 
 [50]
 See text supra at note 20
 
 
 [51]
 See Brief for Appellees at 6
 
 
 [52]
 Fed.R.Civ.P. 4(c)(2)(C)(ii)
 
 
 [53]
 Fed.R.Civ.P. 4(c)(2)(A); see text supra at note 45
 
 
 [54]
 Fed.R.Civ.P. 4(c)(2)(B); see note 47 supra
 
 
 [55]
 See Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 56 (3d Cir.1986); Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984) (discussed infra ). A number of courts have held that the second attempt must utilize personal service. See Stranahan Gear Co. v. NL Indus., Inc., supra, 800 F.2d at 56 ("[i]f an acknowledgement form is not returned ... resort must be had to personal service"); Henry v. Glaize Md. Orchards, Inc., 103 F.R.D. 589, 591 (D.Md.1984) ("Rule 4(c)(2)(C)(ii) expressly directs plaintiffs to proceed with personal service pursuant to Rule 4(c)(2)(A) or (B) if mail service is not acknowledged"); Eden Foods, Inc. v. Eden's Own Prods., Inc., 101 F.R.D. 96, 96 (E.D.Mich.1984) ("[t]he thrust of the rule is that the defendant must be personally served if no acknowledgment is received by the plaintiff within 20 days"); Shuster v. Conley, 107 F.R.D. 755, 757 (W.D.Pa.1985) ("[w]hile a plaintiff can opt to effect service pursuant to the law of the state in which the complaint has been filed[ ], once plaintiff has unsuccessfully attempted service by mail pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii) personal service is mandatory") (citation omitted); Billy v. Ashland Oil, Inc., 102 F.R.D. 230, 233 (W.D.Pa.1984) (same); Sullivan, Recent Amendments to the Federal Rules of Civil Procedure: An Overview and Words of Caution, 17 U.Tol.L.Rev. 83, 85 (1985) ("[i]f the mailing method of service fails, Rule 4(c)(2)(C)(ii) specifically requires that personal service must then be used"). But see Humana, Inc. v. Jacobson, 804 F.2d 1390, 1393 (5th Cir.1986) (plaintiff could effect service under state law methods following unsuccessful attempt at federal mail service). The mode of a second effort to effect service is unimportant here, however, since there was no subsequent attempt to serve. See note 98 infra
 
 
 [56]
 Fed.R.Civ.P. 4(c)(2)(D). Even so, costs may be denied upon a showing of "good cause." Id
 
 
 [57]
 See Eden Foods, Inc. v. Eden's Own Prods., Inc., supra note 55, 101 F.R.D. at 96 (award of costs called "only means for enforcing" federal mail service rule); Reid v. Accutome, Inc., Civ. No. 85-3592 (E.D.Pa. Oct. 30, 1985) (LEXIS, Genfed Library, Dist file) ("[f]ailure to return an acknowledgment of service received by mail pursuant to Rule 4(c)(2)(C)(ii), without good cause, may result in the assessment of the cost of the alternate means of service against the defendant, but such failure is not grounds for entry of a default judgment") (citation omitted)
 
 
 [58]
 The federal mail service rule requires that a plaintiff include "two copies of a notice and acknowledgment conforming substantially to form 18-A" with the summons and complaint. Fed.R.Civ.P. 4(c)(2)(C)(ii)
 
 
 [59]
 Form 18-A, supra note 6; see note 66 infra
 
 
 [60]
 Form 18-A, supra note 6
 
 
 [61]
 Supra note 55
 
 
 [62]
 733 F.2d at 1088
 
 
 [63]
 Id
 
 
 [64]
 Id. at 1089
 
 
 [65]
 Id. at 1088. The court interpreted the form as "explicitly [telling defendants] that they need do nothing if they do not accept and acknowledge service, though they might be required to pay the cost of service by some other means." Id. at 1089 (footnote omitted)
 
 
 [66]
 Id. at 1089. Because the court found that there was no valid service of process, it held the default judgment void. Id
 
 
 [67]
 Stranahan Gear Co. v. NL Indus., Inc., supra note 55, 800 F.2d at 56
 
 
 [68]
 See Brief for Appellees at 7
 
 
 [69]
 752 F.2d 35 (2d Cir.1984)
 
 
 [70]
 Id. at 39
 
 
 [71]
 Id. at 36
 
 
 [72]
 Id
 
 
 [73]
 Id
 
 
 [74]
 Id. (emphasis in original)
 
 
 [75]
 Id. at 39-40
 
 
 [76]
 Id. at 40. In Humana, Inc. v. Jacobson, supra note 55, the Fifth Circuit upheld a subsequent service by mail pursuant to state law despite the plaintiff's initial unsuccessful attempt to utilize federal mail service. 804 F.2d at 1393. The court stated that it "prefer[red] the reasoning of the Second Circuit in Morse" to the Armco court's analysis. Id. Since we disagree with the Morse court's interpretation of Rule 4(c)(2)(C)(ii), see notes 82-98 infra and accompanying text, we cannot accept Humana's reliance on the Morse rationale. But, as we have noted, supra note 55, the Fifth Circuit's holding in Humana is clearly distinguishable from our ruling herein
 
 
 [77]
 Morse v. Elmira Country Club, supra note 69, 752 F.2d at 38-39 ("we deal with a specific rule on mail service, adopted by Congress, and applicable to this case. The problem, then, is the meaning and application of that rule ...") (footnote omitted). A district court in the Second Circuit recently applied Morse to deny a motion to dismiss for insufficient service of process where the defendant did not acknowledge an attempt at federal mail service in a case presenting no statute-of-limitations issue. See Deshmukh v. Cook, 630 F.Supp. 956, 958-959 (S.D.N.Y.1986); see also Humana, Inc. v. Jacobson, supra note 55, 804 F.2d at 1393 (applying Morse court's analysis to conclude that a subsequent mail service in accordance with state law was valid despite plaintiff's initial reliance on federal mail service)
 
 
 [78]
 See note 101 infra
 
 
 [79]
 The Second Circuit characterized Armco and a number of other cases cited by the defendants in Morse as "inapposite." Morse v. Elmira Country Club, supra note 69, 752 F.2d at 40. The Morse court never delineated its reasoning with regard to Armco, but instead discussed a second case as "illustrative" of its conclusion. Id. (discussing Billy v. Ashland Oil, Inc., supra note 55). We can only assume, therefore, that the Second Circuit's discussion of Billy was also intended to dispose of Armco
 
 
 [80]
 Morse v. Elmira Country Club, supra note 69, 752 F.2d at 40
 
 
 [81]
 Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., supra note 55, 733 F.2d at 1088; see also id. ("[t]here was no subsequent attempt to effect service of process by any other means")
 
 
 [82]
 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1083, at 332-333 (1969) (citing cases)
 
 
 [83]
 Morse v. Elmira Country Club, supra note 69, 752 F.2d at 40
 
 
 [84]
 See, e.g., 4 C. Wright & A. Miller, supra note 82, Sec. 1083, at 333-334 (citing cases)
 
 
 [85]
 United States v. Mollenhauer Laboratories, Inc., 267 F.2d 260, 262 (7th Cir.1959)
 
 
 [86]
 Delta S.S. Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir.1985)
 
 
 [87]
 Id
 
 
 [88]
 See note 44 supra
 
 
 [89]
 Delta S.S. Lines, Inc. v. Albano, supra note 86, 768 F.2d at 730
 
 
 [90]
 Morse v. Elmira Country Club, supra note 69, 752 F.2d at 40
 
 
 [91]
 Id.; see also Humana, Inc. v. Jacobson, supra note 55, 804 F.2d at 1393 ("[t]he congressional action, designed to ensure fair treatment of defendants, indicates no intention to create unfairness for plaintiffs")
 
 
 [92]
 The Act authorizes the Supreme Court to "prescribe by general rules ... the forms of process ... of the district courts ... of the United States in civil action ..." 28 U.S.C. Sec. 2072 (1982). Rules promulgated by the Court, however, do not take effect for ninety days after they are reported to Congress to afford it the opportunity to enact different rules. Id
 
 
 [93]
 Supreme Court's Proposed Federal Rule of Civil Procedure 4(d)(8), reprinted in 2 J. Moore, J. Lucas, H. Fink & C. Thompson, supra note 44, p 4.01 [33.-2], at 4-44.1 to 4-44.2
 
 
 [94]
 Id
 
 
 [95]
 Because of substantial criticism of the Court's proposed amendments, Congress initially enacted a statute postponing the effective date of the Court's proposal to October 1, 1983, thereby giving itself additional time to craft an alternative. See Act of Aug. 2, 1982, Pub.L. No. 97-227, 96 Stat. 246; see also note 91 supra. Congress then enacted its own amendments, thereby supplanting the Court's version. See Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97-462, 96 Stat. 2527
 
 
 [96]
 128 Cong.Rec. H9850 (1982) (appendix to statement of Rep. Edwards). No formal committee reports were prepared in enacting the legislation. See [1982] U.S.Code Cong. & Admin.News 4434, 4447. Courts and commentators have relied on the analysis submitted by Representative Edwards, one of the two authors of the legislation, as the most authoritative guide to its meaning. See, e.g., Stranahan Gear Co. v. NL Indus., Inc., 102 F.R.D. 250, 252 (E.D.Pa.1984), aff'd, 800 F.2d 53 (3d Cir.1986); Sullivan, supra note 55, at 85; Siegel, Practice Commentary on Amendment of Federal Rule 4, 96 F.R.D. 88, 88 (1983)
 
 
 [97]
 See 128 Cong.Rec. H9850 (Dec. 15, 1982) (appendix to statement of Rep. Edwards) ("[i]n order to encourage defendants to return the acknowledgment form, the court can order a defendant who does not return it to pay the costs of service unless the defendant can show good cause for the failure to return it"); id. at H9851 ("[n]ew rule 4(c)(2)(D) permits a court to penalize a person who avoids service by mail.... Fairness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense")
 
 
 [98]
 See 128 Cong.Rec. H9850 (Dec. 15, 1982) (appendix to statement of Rep. Edwards) ("[i]f the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules"); id. at 9850 ("if the proper person receives the notice but fails to return the acknowledgment form, another method of service authorized by law is required") (footnote omitted); id. at 9851 ("[i]f a copy of the notice and acknowledgment form is not received by the sender within 20 days after the date of filing then service must be made under Rule 4(c)(2)(A) or (B)")
 While the rule, by its terms, clearly calls for personal service following a failed attempt to utilize federal mail service, see note 55 supra, we confess to some uncertainty as to why Congress desired to foreclose otherwise permissible methods of service merely because the plaintiff initially elected to use the federal rule. See Humana, Inc. v. Jacobson, supra note 55, 804 F.2d at 1393 (Congress did not intend to "create unfairness for plaintiffs by eliminating an otherwise permissible method of service"). We need not address this question, since the trustees did not subsequently attempt another service after their inefficacious invocation of the federal mail service rule.
 
 
 [99]
 See text supra at notes 52-55
 
 
 [100]
 See text supra at notes 57-58
 
 
 [101]
 See text supra at notes 59-61
 
 
 [102]
 Stranahan Gear Co., Inc. v. NL Indus., Inc., supra note 55, 800 F.2d at 56, 57; see note 67 supra
 
 
 [103]
 See Armco v. Penrod-Stauffer Bldg. Sys., Inc., supra note 55, 733 F.2d at 1089. Although we have questioned the suggestion that the Second Circuit's decision in Morse v. Elmira Country Club, supra note 69, can be reconciled with Armco on the ground that the service issue in Morse arose in the context of an otherwise expired limitation period, see text supra at notes 77-78, the case at bar as framed by the parties presents no issue under a statute of limitations. We thus need not decide whether we would accept the Morse reasoning if confronted by a plaintiff whose suit would otherwise be permanently barred
 
 
 [104]
 See text supra at note 42. Since we find the judgment void, we need not consider Garin Trucking's challenges to the District Court's refusal to vacate the judgment pursuant to Fed.R.Civ.P. 60(b)(1), set aside the default by application of Fed.R.Civ.P. 55(c), and transfer the action to the Western District of Pennsylvania pursuant to 28 U.S.C. Sec. 1404(a) (1982). See Jackson v. Beech, supra note 32, 205 U.S.App.D.C. at 89, 636 F.2d at 836