United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10507
Summary Calendar

FERNANDO E GOVEA

Plaintiff - Appellant

v.

ATF, Bureau of Alcohol, Tobacco, Firearms and Explosives;
BREEDERS' CUP LTD; MEC LONE STAR PARK; MAGNA ENTERTAINMENT CORP;
TEXAS RACING COMMISSION; GRAND PRAIRIE SPORTS FACILITIES
DEVELOPMENT CORP; CITY OF GRAND PRAIRIE; GREG STANKAVICH; PAULA
FLOWERDAY; CHARLES HALLAM; TOM NEELY; JOHN DOE, Lone Star Park
Employee (LSPE) #1-#2 in their individual capacities; JOHN DOE,
Grand Prairie Police Officers (cops), #1-#4, in their individual
capacities; JOHN DOE, ATF Agents (atf), #1-#2 in their individual
capacities

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-658

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Fernando Govea, proceeding pro se,
appeals the district court's judgment dismissing his claims. For
the reasons that follow, we AFFIRM.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. Factual Background

In his complaint, plaintiff-appellant Fernando Govea ("Govea") alleges the following facts.[1] Govea attended the horse races at Lone Star Park in Grand Prairie, Texas, on the day before the facility was to host the Breeders' Cup, a national horse racing event. While sitting in the viewing area, Govea sketched some of the architectural elements of the facility. Two security guards investigated, and Govea showed them his drawings, which also included images of pigs in military uniforms and human victims of a U.S. bombing. When the police arrived, Govea went to a room where he was frisked and questioned further. Some of the questions concerned Govea's political and religious beliefs as reflected in the drawings. Ultimately, Govea was escorted out of the facility, and agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") conducted a dog sniff and visual inspection of Govea's van.

Govea filed suit alleging federal causes of action under 42 U.S.C. § 2000a-3, § 1983, and § 1985, seeking damages, injunctive relief, and declaratory relief, as well as state law claims for theft, unlawful restraint, discrimination, and breach of contract. The district court dismissed Govea's federal claims

---

[1] Govea's complaint comprises seventy-two single-spaced pages of long passages mixing arguments, facts, religious text, and legal quotes, but the relevant facts are compiled near the beginning of the complaint.

and declined to retain jurisdiction over Govea's state claims.[2]

## II.  Standard of Review

Our review of a district court's grant of a 12(b)(6) motion is de novo.  Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004).  In this inquiry, we "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).  Because Govea is appearing pro se, we hold his complaint "'to less stringent standards than formal pleadings drafted by lawyers.'"  Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quoting Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)).  However, even when a plaintiff is proceeding pro se, "'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT

---

[2]  The individual capacity claims against the police officers are not before this court, as the record does not reflect that Govea ever identified the police officers or served them, and neither the officers nor the city have filed anything on the officers' behalf.  See FED. R. CIV. P. 4; Attwell v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir. 1979).  Further, Govea has not briefed any error related to this issue, and any argument that these claims were improperly dismissed has been abandoned.  See FED. R. APP. P. 28(a)(9)(A); St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 445 (5th Cir. 2000); Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988).

& MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1216 at 156-59).
This court need not "'conjure up unpled allegations or construe
elaborately arcane scripts to' save a complaint." Id. (quoting
Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).
We review the district court's decision to decline jurisdiction
over state claims for abuse of discretion. Parker & Parsley
Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir.
1992).

### III.  Discussion

As an initial matter, Govea's claims for injunctive and
declaratory relief were properly dismissed, because Govea has
made no allegations that would entitle him to such relief. See
Bass v. Parkwood Hosp., 180 F.3d 234, 245 (5th Cir. 1999)
("[T]here is no allegation suggesting that [Plaintiff] is likely
to again suffer from [Defendants'] discriminatory actions.");
Armstrong v. Turner Indus., Inc., 141 F.3d 554, 563 (5th Cir.
1998); Adams v. McIlhany, 764 F.2d 294, 299 (5th Cir. 1985).
This also disposes of Govea's § 2000a-3 claims, as the statute
only allows prospective relief, not damage awards. See 42 U.S.C.
§ 2000a-3; Bass, 180 F.3d at 244.

In the remaining claims, Govea has not only sued government
agents and entities, but private parties as well. Govea's § 1983
claims against these defendants were properly dismissed because
he failed to allege any facts that could conceivably support the

4

requisite state action under color of law.  See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747-48 (5th Cir. 2001) (discussing the state action requirement).  Govea has alleged facts showing not the existence of a preconceived plan for abdication of state authority to the private parties, but rather facts showing that the government actors independently investigated Govea with minimal involvement by the private parties.  These allegations are insufficient to establish state action.  See id. at 749; Sims v. Jefferson Downs Racing Ass'n, Inc., 778 F.2d 1068, 1078-79 (5th Cir. 1985); see also Lansing v. City of Memphis, 202 F.3d 821, 833 (6th Cir. 2000).  And it is well established that the facts alleged by Govea are insufficient to show a "symbiotic" relationship between Lone Star Park and government entities.  See Fulton v. Hecht, 545 F.2d 540, 541-43 (5th Cir. 1977) (holding similar facts insufficient to show state action by a greyhound race park); see also Rendell-Baker v. Kohn, 457 U.S. 830, 842-43 (1982); Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974).  Because Govea has alleged no other facts that could show "a sufficiently close nexus between the State and the challenged action of the [private entities] so that the action of the latter may be fairly treated as that of the State itself," Jackson, 419 U.S. at 351, his § 1983 claims against the private defendants were properly dismissed.

Although Govea's § 1985 claims do not require state action, they do require a conspiracy to discriminate based on "some

5

class-based animus." See 42 U.S.C. § 1985; Newberry v. E. Tex. State Univ., 161 F.3d 276, 281 (5th Cir. 1998). Dismissal of these claims against all defendants was proper because Govea has not alleged a conspiracy, a class-based animus, or any facts that would show either.

Additionally, Govea's failure to allege the existence of a relevant municipal policy or custom, or any facts showing such a policy or custom, renders appropriate the dismissal of his claims against the City of Grand Prairie and the Grand Prairie Sports Facilities Development Corp. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-94 (1978); Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996). Govea's vague allegations that the City of Grand Prairie has racially disproportionate rates of traffic stops are irrelevant to his claims here. And although Govea generally alleges that the city failed to consider the legality of security practices and training, he does not allege that this failure has anything to do with the actions of the police officers here.

Govea's claims against the ATF were also properly dismissed, as Bivens actions are unavailable against federal agencies. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Further, because § 1983 claims are unavailable against state agencies and state officials acting in their official capacities, dismissal of those claims against the Texas Racing Commission, as well as Paula Flowerday, Charles Hallam, and Tom Neely in their official capacities, was

6

correct.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Brandley v. Keeshan</u>, 64 F.3d 196, 200 (5th Cir. 1995).

It is unclear whether Govea also intended to sue Paula Flowerday, Charles Hallam, and Tom Neely in their individual capacities, but regardless, these claims were properly dismissed. Govea's conclusory deliberate indifference claims are unconnected to the actual constitutional violations he claims occurred; he merely alleges a general, unrelated deficiency in the job performance of state employees.  Moreover, Govea's due process claims are unfounded, as the hearing he sought requires expulsion under a rule of the Texas Racing Commission, which he did not allege.  TEX. REV. CIV. STAT. ANN. art. 179e, § 13.02 (Vernon Supp. 2005).  Govea also asserts no coherent legal basis for his claim that the Equal Protection Clause of the Fourteenth Amendment was violated by the officials' failure to revoke Lone Star Park's racing license.

Govea's individual capacity claims against the ATF agents were properly dismissed as well.  The ATF agents asserted a qualified immunity defense and Govea failed to meet the requirement "that plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation." <u>Anderson v. Pasadena Indep. Sch. Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999).  Specifically, Govea's claims under the First, Fifth, and Fourteenth Amendments

7

are conclusory and unsupported by any factual allegations, and Govea's Fourth Amendment claim fails to allege any facts that could possibly show an unlawful search or seizure on the part of the ATF. See, e.g., United States v. Seals, 987 F.2d 1102, 1106 (5th Cir. 1993) ("A dog 'sniff' is not a search."); United States v. Price, 869 F.2d 801, 804 (5th Cir. 1989) (holding that "a visual inspection of the vehicle, which included looking . . . under the vehicle" was not a search "[b]ecause the items observed were in plain view"). Even under the standard pleading requirement, these allegations would be insufficient to withstand a motion to dismiss.[3]

Finally, the district court did not abuse its discretion in declining to retain jurisdiction over Govea's state law claims. The district court's consideration of judicial economy, convenience, fairness, and comity was well within its discretion. Parker & Parsley Petroleum Co., 972 F.2d at 586-87.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[3] Because we resolve this appeal on the grounds detailed above, we do not reach the question of whether this court should revisit the res judicata effect of a dismissal under 28 U.S.C. § 1915(e)(2).

8